# McNulty *v.* Philadelphia, Appellant.

*Negligence—Municipalities — Defect in street — Automobile — Injury to passenger—Contributory negligence—Charge of court— Case for jury.*

In an action to recover damages for the death of plaintiff's husband caused while he was a passenger in an automobile, by reason of a defect in a public street, the court did not err in affirming the point "No matter how dangerous or defective the section of the street in question was at the time of the accident, nevertheless if" the deceased "did anything either actively or passively that contributed toward the accident, your verdict must be for the defendant," with the comment that "it makes it necessary for you to go through and sift evidence to ascertain whether or not the evidence shows that he either passively or actively had anything to do with causing the accident."

Argued January 21, 1915.   Appeal, No. 133, Jan. T., 1914, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1912, No. 3871, on verdict for plaintiff in case of Kathryn P. McNulty v. City of Philadelphia.   Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass for personal injuries.   Before WILLSON, P. J.

From the record it appeared that at the time of the accident plaintiff was riding in an automobile as the guest of the owner's chauffeur, who was driving.   The automobile struck a deep hole in the asphalt street causing the steering wheel to be wrenched from the driver's hands and the automobile to strike a telegraph pole.

Other facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $9,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge to the

jury and the refusal of defendant's motion for judgment non obstante veredicto.

*Paul Reilly,* Assistant City Solicitor, with him *Thomas Boylan,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.

*Harry A. Mackey,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 8. 1915:

This is an action brought by the widow in her own right and on behalf of her minor children to recover damages for the death of her husband, caused by the negligent maintenance of a city street. The case was clearly for the jury, and if there should be a reversal of the judgment here, it would simply mean another trial upon practically the same state of facts. Appellant states the questions involved to be:

1. Were the instructions to the jury on the question of the liability of the city correct?

2. Was the injured person, a passenger in an automobile, guilty of contributory negligence?

3. Were the instructions as to the measure of damages correct?

To answer these questions it became necessary to read the entire record, including the charge of the learned trial judge. Having done so, we have not been able to discover anything in the instructions to the jury, or in answer to points, or in the admission or rejection of testimony, about which appellant can justly complain. The law applicable to the facts of the case was well understood by the trial judge and by counsel representing each side to the controversy and the instructions to the jury were clear, concise and complete. As to the contributory negligence of the deceased husband the defendant submitted the following point:

"No matter how dangerous or defective the section of the street in question was at the time of the accident,

nevertheless if Charles P. McNulty did anything either actively or passively, that contributed toward the accident, your verdict must be for the defendant."

The learned trial judge answered the point in the following language:

"I affirm that point, gentlemen.  It makes it necessary for you to go through and sift evidence to ascertain whether or not the evidence shows that he either passively or actively had anything to do with causing the accident."

Certainly this was putting the defense of the city in its most favorable light on the question of contributory negligence.  Other points were submitted, relating to the same question, and the learned trial judge gave the city the full benefit of every contention made in this regard.  The learned trial judge also carefully instructed the jury as to the liability of the city in such cases, and as to the measure of damages.  Nothing was left in doubt but everything was carefully explained to the jury.  There is no merit in the contention that the court below erred in refusing to enter judgment non obstante upon the whole record.  This was so clearly a case for the jury that nothing further need be said as to the seventeenth assignment of error.  We answer the first and third questions in the affirmative, and the second was for the jury and it was so submitted.

Judgment affirmed.